# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## Roanoke Division

VINCENT WOODHOUSE,

    Plaintiff,

v.                                    CIVIL ACTION NO. 7:20cv655

MAJOR KING, *et al.*,

    Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, King, Ely, and Stallard, by counsel, answer the Complaint (ECF No. 1) as follows:

1. Plaintiff, Vincent Woodhouse, #1031027, is a Virginia Department of Corrections ("VDOC") offender who is presently, and at the time of the filing of this lawsuit was incarcerated at Wallens Ridge State Prison.

2. Defendants are presently employed by VDOC and have been assigned to Wallens Ridge State prison at all relevant times to the Complaint.

3. On June 24, 2020, Plaintiff and another inmate, A. Phillips, were observed having a discussion in the GP Dayroom of A4 and inmate Phillips stated, "Don't press up on me or I'll have to teach you some Manners."

4. Inmate Phillips returned to his assigned cell and the Plaintiff approached the cell door and yelled "You're the biggest pussy on the mountain, come out of that cell and I'll fuck you up pussy bitch!!."

5. As a result of this verbal exchange, both Plaintiff and inmate Phillips, were both charged on June 24, 2020 with disciplinary offense code 212 for threatening bodily hard to any

person verbally or by gesture or actions. Plaintiff pled guilty to the charge an received a three dollar fine.

6. On June 8, 2020, Woodhouse was returned to housing unit A-4. Plaintiff told Unit Manager Stallard and Lieutenant Fields that he had no issues with continuing to be housed in the same housing unit as inmate Phillips.

7. On August 17, 2020 during A-4 pod recreation Plaintiff and inmate Phillips were observed having a conversation near the pod showers. A corrections officer conducting rounds during pod recreation noticed Plaintiff come out from the pod shower with blood on his facial area. Security staff was notified and responded. Plaintiff reported that he had been struck by inmates Phillips during pod recreation.

8. Camera footage revealed that inmate Phillips struck Plaintiff with a closed fist and then walked away from the area and returned to his cell without further incident, as inmate Phillips walked away Plaintiff attempted to go inside the shower to wash his face.

9. Plaintiff was immediately escorted to medical where he received medical treatment. He was then returned to his assigned cell in housing unit A-4.

10. Inmate Phillips was escorted to restrictive housing where he was placed in cell D-101 without further incident. He is charged with a 239b simple assault upon an offender.

11. Since the incident on August 17, 2020, Plaintiff and inmate Phillips have never been housed together. Inmate Phillips was transferred to red Onion State Prison where he presently remains incarcerated.

12. All documented enemy situations and keep separate orders are checked before inmates are assigned to a particular cell and housing unit.

13. Prior to June 24, 2020 there were no documented issues or complaints between

Plaintiff and inmate Phillips. There was no documented enemy issues between Plaintiff and inmate Phillips. The verbal altercation on June 24, 2020 did not give corrections staff any reason to believe that these two inmates could not continue to be housed together as they had been for some time without issue. Furthermore, before returning to A-4 on July 8, 2020, Plaintiff reported to security staff he had no issue with remaining in the same housing unit as inmate Phillips.

14. At no time before August 17, 2020 did Plaintiff notify staff, file a complaint or otherwise indicate he felt that his safety was at risk by being in the same housing unit as inmate Phillips.

15. Defendant King denies that he made the statements Plaintiff alleges in paragraph 13 of the Complaint.

16. Defendant Stallard denies that he made the statements Plaintiff alleges in paragraph 14 of the Complaint.

17. Defendants deny the allegations contained in Paragraphs 8 of the Complaint.

18. Defendants deny that Plaintiff and inmate Phillips being in the same housing unit presented a known risk of harm to which they were deliberately indifferent.

19. Defendants deny that they were deliberately indifferent to Plaintiff's health or safety.

20. Defendants deny that they were deliberately indifferent to any known risk of danger to Plaintiff.

21. Defendants deny that Plaintiff was subjected to cruel and unusual punishment.

22. Defendants deny that they violated Plaintiff's Eighth Amendment rights.

23. Defendants deny that they violated Plaintiff's rights under state law.

24. Defendants deny that they intentionally inflicted emotional distress on Plaintiff.

25. Defendants deny that breached any duty of care in violation of state law.

26. Defendants deny each and every allegation not expressly admitted herein or inconsistent with the answers stated herein.

27. Defendants deny that Plaintiff is entitled to the relief requested.

## **AFFIRMATIVE DEFENSES**

Defendants state the following affirmative defenses to the Complaint (ECF No. 1), reserving the right to raise any such other defenses that may arise from Plaintiff's prosecution of this action.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendants deny that the claims in the Complaint are cognizable under the Eighth Amendment or any section or clause of the United States Constitution or any other federal law or regulation.

### THIRD DEFENSE

Defendants deny that jurisdiction on the Complaint is conferred upon the Court by either 42 U.S.C. § 1983 or the previously cited amendments to the United States Constitution. Further, Defendants specifically deny that the Court has jurisdiction over any claim which might be construed to state a claim under state law.

### FOURTH DEFENSE

Defendants deny that Plaintiff has suffered any injury or damage as a result of action or omission upon the part of any of these Defendants.

### FIFTH DEFENSE

Defendants allege and aver that, to the extent that the Plaintiff has suffered any injuries or damages, such injuries or damages were caused by others not under the control of these Defendants, and for whose conduct they are in no way responsible.

### SIXTH DEFENSE

Defendants deny that the Plaintiff has suffered the injuries and damages alleged and call for strict proof thereof.

### SEVENTH DEFENSE

Defendants are immune from suit on this claim based upon the Eleventh Amendment and upon the discharge of their official duties.

### EIGHTH DEFENSE

Defendants deny that they are indebted to or liable to Plaintiff in any sum whatsoever.

### NINTH DEFENSE

Defendants are entitled to good faith and/or qualified immunity.

### TENTH DEFENSE

To the extent that Plaintiff has failed to allege any direct involvement on the part of any of the Defendants in any of the acts or omissions complained of, such claims must fail because *respondeat superior* is not available in an action under 42 U.S.C. § 1983.

### ELEVENTH DEFENSE

To the extent that the claims allege negligence on the part of the Defendants, those claims are barred in this Court by the Eleventh Amendment.

## TWELFTH DEFENSE

To the extent the Plaintiff has not exhausted his administrative remedies, this action is barred, in whole or in part, under 42 U.S.C. § 1997e(a).

## THIRTEENTH DEFENSE

Because Plaintiff can make no showing of any physical injury accompanying or preceding any alleged emotional or mental injuries, his claim for monetary damages is barred under 42 U.S.C. § 1997e(e).

## FOURTEENTH DEFENSE

Defendants will rely on any and all other properly available defenses to the Complaint which may arise from Plaintiff's prosecution of this action and reserve their right to amend their answer if at any time they should be so advised.

DEFENDANTS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE

Respectfully submitted,

MAJOR KING, JOSEPH ELY, and UNIT MANAGER STALLARD

By:     s/ Laura H. Cahill
Laura H. Cahill, AAG, VSB#86328
Office of the Attorney General
Criminal Justice & Public Safety Division
202 North 9th Street
Richmond, Virginia 23219
(804) 786-5630
(804) 786-4239 (Fax)
Email: lcahill@oag.state.va.us

# CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of April, 2021, I electronically filed the foregoing Answer with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF participants: N/A, and I hereby certify that I have mailed by UPS Ground Service the document to the following non-CM/ECF participant:

    Vincent Woodhouse, # 1031027
    Wallens Ridge State Prison
    272 Dogwood Drive
    Big Stone Gap, VA 24219

                                s/ Laura H. Cahill
                                Laura H. Cahill, AAG, VSB#86328
                                Office of the Attorney General
                                Criminal Justice & Public Safety Division
                                202 North 9th Street
                                Richmond, Virginia 23219
                                (804) 786-5630
                                (804) 786-4239 (Fax)
                                Email: lcahill@oag.state.va.us