# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Roanoke Division

VINCENT WOODHOUSE,

      Plaintiff,

v.                                CIVIL ACTION NO. 7:20cv655

MAJOR KING, *et al.*,

      Defendants.

## AFFIDAVIT

State of Virginia, County of Wise, to-wit:

C. KING, first being duly sworn, states as follows:

1.     I am a Major and Chief of Security for Wallens Ridge State Prison (WRSP).

2.     I base the information contained in this Affidavit on personal knowledge and records maintained in the regular and ordinary course of business.

3.     I have been informed of this lawsuit filed by inmate Vincent Woodhouse (#1031027) and his allegation that VDOC staff failed to protect him when he was housed with inmate A. Phillips.

4.     On August 17, 2020, I was notified of an incident which had occurred between Woodhouse and Phillips during pod recreation. It was reported that while conducting rounds at approximately 10:40 a.m., Woodhouse was seen coming from the pod shower with blood on his facial area. Woodhouse advised security staff that he had been struck by inmate Phillips.

5.     A subsequent review of the video revealed that Phillips struck Woodhouse with a closed fist knocking the Woodhouse to the floor. Phillips struck Woodhouse a second time while

Woodhouse was on the floor and then he (Phillips) walked away from the area while inmate Woodhouse went into the shower to wash his face. Security staff escorted Woodhouse to medical where he was assessed and treated by medical staff and returned to his cell. A copy of the Incident Reports is attached as Enclosure A. A copy of the relevant portion of Woodhouse's medical record is attached as Enclosure B.

6.     Inmate Phillips was assigned to restrictive housing following this incident and an institutional disciplinary offense was placed against him for Simple Assault Upon an Offender. No charges were placed against inmate Woodhouse.

7.     I am aware that Woodhouse claims he should not have been in the same housing unit as inmate Phillips due to an incident which occurred between the two inmates on June 24, 2020. At that time, Phillips was charged with Threatening Bodily Harm when an officer observed he and Woodhouse in a "heated discussion" and overheard Phillips state "Don't press up on me or I'll have to teach you some manners!" Phillips was subsequently found guilty of the charge. Woodhouse was also charged and found guilty of that offense. Copies of the Disciplinary Offense Reports against both Philips and Woodhouse are attached as Enclosures C and D, respectively.

8.     Woodhouse and Phillips resided in the same housing unit without any reported incidents for several months prior to the June 24th threats being made and there were no incidents from the time Woodhouse was returned to A-Building on July 8, 2020 until August 17, 2020. In fact, when asked if he had any problems being in the same housing unit with Phillips, Woodhouse advised that he did not. If, at any time, Woodhouse had felt threatened by Phillips or any inmate, all he needed to do was advise any member of security staff and the matter would have been fully investigated and appropriate measures taken including a possible housing

2

reassignment or transfer. However, to the contrary, Woodhouse had advised both the Unit

Manager and Lieutenant that he had no problems being housed in the same pod with Phillips.

Prior to the August 17, 2020 incident, there was no evidence to suggest that Phillips and

Woodhouse presented a keep separate situation in accordance with OP 830.6, *Offender Keep*

*Separate Management*, a copy of which is attached as Enclosure E.

9.    Following the incident of August 17, 2020, inmate Anwar Phillips was listed on

Woodhouse's keep separate list, and Phillips was moved to a restrictive housing assignment.

Phillips was released back to the general population on August 21, 2020 and assigned to a

different housing pod – separate from Woodhouse - in A-Building. Phillips was moved to C-

Building on August 24, 2020.

10.    At no time prior to the August 17, 2020 incident did Woodhouse advise me he felt

threatened by inmate Phillips and needed protection. To the best of my knowledge, inmate

Anwar Phillips was in no way involved with Woodhouse's previous interaction with the Bloods

gang and we had no reason to believe that Phillips was a threat to Woodhouse. He was

transferred to Red Onion State Prison on November 21, 2020.

C. KING

Affiant

Sworn and subscribed to before me, a Notary Public, in and for the State of Virginia,
County of Wise, this 4th day of June 2021.

Notary Public

My commission expires:          01-31-2024

3



VIRGINIA DEPARTMENT OF CORRECTIONS

**Internal Incident Report**

| Internal Incident Number: | Date/Time of Incident: | DOC Location: | | |
|---|---|---|---|---|
| IIR-WRSP-2020-002305 | August 17, 2020 @ 11:00 AM | Wallens Ridge State Prison | | |
| **Reporting Staff:** | Dean, Jason C | **Title/Shift:** | Corrections officer, B Break, Day | |
| **Date Reported:** | 08/17/2020 | **Time:** | 12:06 PM | |
| **Offenders Involved:** | ███ | **Phillips, Anwar R** | | **A-4-408-B** |
| **Staff Involved:** | | | | |
| **Visitors Involved:** | | **Others Involved:** | | |

| Type of Incident: | Fighting between incarcerated offenders |
|---|---|
| **Location of Incident:** | Cell - A-4 |

| Gang Related: | No | **Confidential:** | No | **PREA:** | No |
|---|---|---|---|---|---|

**Description of Incident:**

On the above date and approximate time I officer J. Dean assisted Sgt. Marcum with escorting offender A. Phillips ███ from A-408 to D-1 pod. We placed Phillips in D-1 shower where he was strip searched and then placed him into D-101 without incident. End of report.

**Notifications:**

| Name: | | Title: | | Date/Time Notified: | |
|---|---|---|---|---|---|
| | | | | | |

| Approved By: | Hobbs, Jerry W | **Title:** | Lieutenant | | |
|---|---|---|---|---|---|
| **Action Taken:** | Approved | **Review Date:** | 08/17/2020 | | |
| **Investigation:** | No | **Assigned to:** | | | |
| **Comments:** | | | | | |

**ENCLOSURE A**



VIRGINIA DEPARTMENT OF CORRECTIONS

Internal Incident Report

038.1 A-4

DOC Location: WRSP Wallens Ridge State Prison

Report generated by Harris, D C

Report run on 02/22/2021 at 04:35 PM

| Internal Incident Number: | Date/Time of Incident: | DOC Location: | | |
|---|---|---|---|---|
| IIR-WRSP-2020-002306 | August 17, 2020 @ 10:45 AM | Wallens Ridge State Prison | | |
| **Reporting Staff:** | Ward, Craig | **Title/Shift:** | correctional officer, B Break, Day | |
| **Date Reported:** | 08/17/2020 | **Time:** | 11:14 AM | |
| **Offenders Involved:** | | | | |
| **Staff Involved:** | **Ward, Craig** | | **correctional officer** | |
| **Visitors Involved:** | | **Others Involved:** | | |
| **Type of Incident:** | Fighting between incarcerated offenders | | | |
| **Location of Incident:** | GP Dayroom - A-4 | | | |
| **Gang Related:** | No | **Confidential:** | No | **PREA:** | No |

**Description of Incident:**

I Officer C.Ward on the above date and time stepped into A-4 pod where I noticed offender V. Woodhouse #1031027 had blood on his face and 2 cuts. At this time I placed offender V. Woodhoue in restraints. End of report.

## Notifications:

| Name: | Title: | Date/Time Notified: | |
|---|---|---|---|
| | | | |

| Approved By: | Hobbs, Jerry W | Title: | Lieutenant | | |
|---|---|---|---|---|---|
| **Action Taken:** | Approved | **Review Date:** | 08/17/2020 | | |
| **Investigation:** | No | **Assigned to:** | | | |
| **Comments:** | | | | | |



VIRGINIA DEPARTMENT OF CORRECTIONS

**Internal Incident Report**

038.1 A-4

DOC Location: WRSP Wallens Ridge State Prison

Report generated by Harris, D C

Report run on 02/22/2021 at 04:36 PM

| Internal Incident Number: | Date/Time of Incident: | DOC Location: | | |
|---|---|---|---|---|
| IIR-WRSP-2020-002307 | August 17, 2020 @ 10:40 AM | Wallens Ridge State Prison | | |
| **Reporting Staff:** | Stallard, Joseph B | **Title/Shift:** | Unit Manager, B Break, Day | |
| **Date Reported:** | 08/17/2020 | **Time:** | 10:40 AM | |
| **Offenders Involved:** | ██████ | **Phillips, Anwar R** | | A-4-408-B |
| **Staff Involved:** | **Stallard, Joseph B** | | **Unit Manager** | |
| **Visitors Involved:** | | **Others Involved:** | | |
| **Type of Incident:** | Referral to Restrictive Housing | | | |
| **Location of Incident:** | GP Dayroom - A-4 | | | |
| **Gang Related:** | No | **Confidential:** | No | **PREA:** No |

**Description of Incident:**

Offender Phillips ██████ has been placed in RHU under GDT status. Charged with a 239b ( simple assault upon non- offender ). Referred to MDT to determine appropriate housing.

**Notifications:**

| Name: | | Title: | | Date/Time Notified: |
|---|---|---|---|---|
| | | | | |
| **Approved By:** | Smith, Timothy B | **Title:** | Corrections Lieutenant | |
| **Action Taken:** | Approved | **Review Date:** | 08/17/2020 | |
| **Investigation:** | No | **Assigned to:** | | |
| **Comments:** | I Lieutenant Smith approve for offender A. Phillips # ██████ to be placed in RHU on GDT status, for simple assault. | | | |



VIRGINIA DEPARTMENT OF CORRECTIONS

**Internal Incident Report**

038.1 A-4

DOC Location: WRSP Wallens Ridge State Prison

Report generated by Harris, D C

Report run on 02/22/2021 at 04:29 PM

| Internal Incident Number: | Date/Time of Incident: | DOC Location: | | |
|---|---|---|---|---|
| IIR-WRSP-2020-002308 | August 17, 2020 @ 10:40 AM | Wallens Ridge State Prison | | |
| **Reporting Staff:** | Marcum, Steven T | **Title/Shift:** | Corrections Sergeant, B Break, Day | |
| **Date Reported:** | 08/17/2020 | **Time:** | 01:03 PM | |
| **Offenders Involved:** | ▇▇▇ | Phillips, Anwar R | | A-4-408-B |
| | 1031027 | Woodhouse, Vincent L | | A-4-412-B |
| **Staff Involved:** | Dean, Jason C | | Corrections Officer | |
| | Marcum, Steven T | | Corrections Sergeant | |
| | Ward, Craig | | Corrections Officer | |
| **Visitors Involved:** | | | **Others Involved:** | |

| Type of Incident: | Simple Assault | | | | |
|---|---|---|---|---|---|
| **Location of Incident:** | GP Dayroom - A-4 | | | | |
| **Gang Related:** | No | **Confidential:** | No | **PREA:** | No |

**Description of Incident:**

Synopsis:  On August 17, 2020 at 10:40 AM a simple assault occurred during A-4 pod recreation.  After reviewing the camera footage, it was determined that offender A. Phillips ▇▇▇ and V. Woodhouse #1031027 were near the pod showers when Phillips hit Woodhouse with a closed fist.  Offender Woodhouse made no attempt to become involved in the incident.  Offender Phillips was placed in Restrictive Housing and charged with 239b simple assault. No force utilized during this incident. No Staff injured.

Narrative: On August 17, 2020 at 10:40 AM A-4 pod was conducting pod recreation.  Offender A. Phillips ▇▇▇ and offender V. Woodhouse #1031027 were having a conversation near the pod showers.  Officer Ward was conducting rounds when he noticed that offender Woodhouse came from the pod shower with blood on his facial area.  Sergeant Marcum was called to the pod via radio by Officer Ward.  Offender Woodhouse stated that he had been struck by offender Phillips during pod recreation.  After reviewing the camera footage it was determined that offender Phillips struck offender Woodhouse with a closed fist, knocking him to the floor.  Phillips struck Woodhouse one time after he was on the floor. At no time did Woodhouse attempt to become involved in the altercation. After offender Phillips walks away from the area, offender Woodhouse attempts to go inside the shower to wash his face. Offender Phillips returns to his cell at this time without any further incident.  No force utilized during this incident.

Sergeant Marcum and Yard Officer J. Dean escorted offender Woodhouse to medical. Offender Woodhouse was offered medical treatment. Medical LPN Spears noted, "Assessed offender after altercation offender 3 wounds/lacerations to face wounds cleaned and sutured by Dr. Mullins. No bleeding or bruising noted."  Offender Woodhouse was properly strip searched and returned to his assigned cell.

Sergeant Marcum and Yard Officer J. Dean escorted offender Phillips to medical. Offender Phillips was offered medical treatment. Medical LPN Spears noted, "Assessed offender following altercation offender with small wound on right hand. Bleeding under control. Wound cleaned band aid applied."  Offender Phillips was escorted to restrictive housing and properly strip searched in the pod shower. Offender Phillips was then placed in cell D-101 without further incident. He is charged with a 239b simple assault upon an offender.

No force Utilized during this incident.

OLU Lt. Darden notified at 12:25 PM.

**Notifications:**

| Name: | Title: | Date/Time Notified: |
|---|---|---|
| Anderson, David E | Assistant Warden | August 17, 2020 @ 12:20 PM |
| King, Christopher B | Major | August 17, 2020 @ 12:20 PM |
| Reynolds, Quinn C | ADO | August 17, 2020 @ 12:20 PM |
| Zook, David W | Warden | August 17, 2020 @ 12:20 PM |
| Darden, Timothy O | OLU | August 17, 2020 @ 12:25 PM |

| | | | | | |
|---|---|---|---|---|---|
| **Approved By:** | Hobbs, Jerry W | **Title:** | Lieutenant | | |
| **Action Taken:** | Approved | **Review Date:** | 08/17/2020 | | |
| **Investigation:** | No | **Assigned to:** | | | |
| **Comments:** | | | | | |



## Health Services Complaint and Treatment Form

**Facility:** WALLENS RIDGE STATE PRISON

**Offender Name:** _Woodhouse_ (Last) _Vincent_ (First)    **Number:** 1091027

| Date/Time | Complaint and Treatment | Signature and Title |
|---|---|---|
| 8/6/20 1445 | C - F/U redness scratches himself | |
| 98 | O - Healed, no infection | 8/26/20 Noted Resnickdver Reviewed 8/26 MB |
| 96° | | |
| 77 | I FU prn | |
| 97/0 | Motrin 600, bid prn 60 day | |
| 124/60 | _Nollis_ | |
| | | |
| 1/18/21 0722 | C - dry scalp | |
| | O - Inmate seen in Pod office | |
| 96° 14H | Stating that he needs some | |
| 115/82 99² | shampoo for his dry scalp. | |
| | No dry skin or flakers noted. | |
| | No other needs at this time | |
| | A - Schedule with nurse | C. Greear |
| noted 1/18/21 0042 Greear Susan 1859 | | |
| 1/25/21 1350 | C - see above, dry scalp | Capt 34 |
| 180 | O - dry scalp | 1/25/21 Resnickdver |
| 97° | | |
| 93, 97% | I - Tell M, N, F 90 day | |
| 116/10 | _Nollis_ | |
| | Renewed 1-25-21 DrQ | |

**ENCLOSURE B**



## Health Services Complaint and Treatment Form

**Facility:** WALLENS RIDGE STATE PRISON

**Offender Name:** Woodhouse (Last)   Vincent (First)   **Number:** 1031027

| Date/Time | Complaint and Treatment | Signature and Title |
|---|---|---|
| 5·20·20  9⁴⁰A | to medical for EKG from April now complete. form due to COVID 19 deni any complaints to MD for review — | CCalton |
| 8/17/20  1050A | Offender brought to medical txrm after altercation. | |
| 185 | C) Offender reports being hit on L side face. Offender has 3 puncture/laceration | |
| 14/8/80 | O) Wounds to face, eyebrow, under eye and lip, wounds cleaned, bleeding under control. V/S within Normal | |
| 98 f | limits | |
| 97% | I) Refer to MD for wound check — Spears | |
| | L- Steri-strips c_ first  R w LOG | |
| | 1/2" (L) lateral eye brow | |
| | 1/4" (L) upper lid | |
| | remove sl no ecchymosis | |
| | No diplopia | |
| | Suture | |
| | PenVK 500 po ___ x b.d 7day | |
| | F/U 7 day  Mullins | |



VIRGINIA DEPARTMENT OF CORRECTIONS

# Disciplinary Offense Report

| | | | |
|---|---|---|---|
| Case Number: WRSP-2020-1320 | Offender Name: Phillips, Anwar R | DOC #: | Housing: A-4-408B |

Facility: Wallens Ridge State Prison     Reference: _____

Offense Code: 212    Offense Title: Threatening bodily harm to any person verbally- by gesture- or actions -or

Offense Date: 06/24/2020    Approximate Time: 2:50 PM    Location: GP Dayroom - A-4

## DESCRIPTION OF THE OFFENSE

Provide a summary of the details of the offense (i.e.: who, what, when, where, and how; any unusual behavior, any physical evidence and its disposition, and any immediate action taken – including use of force, etc.)

On June 24, 2020 at 2:50 p.m., I Officer J. Hoskins was working as A-2 Gunpost when I observed a heated discussion between offender A. Phillips _____ and Offender V. Woodhouse, I overheard offender A. Phillips state "Don't press up on me or I'll have to teach you some manners!" I took this as a threatening statement directed at the other offender. Offender is charged under O.P. 861.1.

☐ Investigation     Date Completed: _____     ☐ DESCRIPTION CONTINUED ON ATTACHED PAGE

| | |
|---|---|
| Witnesses: Birman, S | Reporting Officer: Hoskins, J |
| | Title: Correctional Officer |
| | Date: 06/24/2020   Time: 3:47 PM |

Officer -In-Charge : Light, R A     Title: Lieutenant

OIC Signature: _(signature)_     Date: 06/24/2020   Time: 3:57 PM

## ADVISEMENT OF RIGHTS

By signing below, you indicate your preference regarding the rights indicated. Failure to respond, or indicate a preference, constitutes a **WAIVER** of the first three rights. The following forms are available to the offender **UPON REQUEST** in each housing unit: *Witness Request Form, Documentary Evidence Request Form,* and the *Reporting Officer Response Form.* The offender must submit these request forms to the Hearings Officer within **48-HOURS** of the charge being served.

| | | | |
|---|---|---|---|
| DO YOU REQUEST A STAFF OR OFFENDER ADVISOR TO ASSIST YOU AT THE HEARING? | ☑ Yes | ☐ No | ☐ REFUSED TO RESPOND |
| DO YOU WISH TO REQUEST WITNESSES? | ☑ Yes | ☐ No | ☐ REFUSED TO RESPOND |
| DO YOU WISH TO REQUEST DOCUMENTARY EVIDENCE? | ☑ Yes | ☐ No | ☐ REFUSED TO RESPOND |
| DO YOU WISH TO WAIVE YOUR RIGHT TO 24-HOUR PREPARATION TIME PRIOR TO THE HEARING? | ☐ Yes | ☑ No | ☐ REFUSED TO RESPOND |
| DO YOU WISH TO APPEAR AT THE DISCIPLINARY HEARING? Refusal to appear is an admission of guilt, a waiver of witnesses and the right to a disciplinary hearing. | ☑ Yes | ☐ No | ☐ REFUSED TO RESPOND |

YOU HAVE THE RIGHT TO QUESTION REPORTING OFFICER
(In person for Category I Offenses; by submitting a Reporting Officer Response Form for Category II Offenses)

YOU HAVE THE RIGHT TO ENTER INTO A PENALTY OFFER.

YOU MAY REMAIN SILENT. Silence does NOT constitute an admission of guilt.

THE CHARGE MAY BE VACATED AND RE-SERVED AS A DIFFERENT OFFENSE, WHICH CAN BE A HIGHER, EQUIVALENT OR LESSER OFFENSE CODE.

YOU MAY BE FOUND GUILTY OF A LESSER-INCLUDED OFFENSE CODE, IN ACCORDANCE WITH OPERERATING PROCEDURE 861.1

**You have been informed of the charges against you, and advised of your rights at the Disciplinary Hearing**

Served and Witnessed By: c/o BLS     Offender's Signature: _(signature)_

Print Name: c/o Blair     Print Name: Anwar Phillips

Date of Service: 6-24-20     Approximate Time: 4:30 pm

IF OFFENDER REFUSES TO SIGN,SERVING OFFICER WILL CERTIFY REFUSAL: _____

ADVISOR AT SERVICE OF DOR: c/o BLS _____ FORMS PROVIDED AT SERVICE (IF REQUESTED): ☑ Yes ☐ No

Date of Hearing: 07/02/2020    Revised Date: _____    Revised Date: _____    Revised Date: _____

Rev. 01/01/2016

**ENCLOSURE C**

# DISCIPLINARY OFFENSE REPORT (continued)

Case Number: WRSP-2020-1320    Offender Name: Phillips, Anwar R    DOC #: ▮▮▮▮▮    Housing: A-4-408B

Facility: Wallens Ridge State Prison    Reference: _____

## OFFENDER'S PLEA AND RIGHTS

Hearing Location: Wallens Ridge State Prison    Date: 07/02/2020    Time: 9:21 AM

Plea: ☐ Guilty    ☒ Not Guilty    ☐ No Plea

Advisor at hearing: _____

Reason for absence/exclusion of the accused offender: _____

---

Was the Reporting Officer present at the Disciplinary hearing?    ☐ Yes  ☐ No

Has there been a denial of requested witnesses?    ☐ Yes  ☐ No

Has there been a denial of Documentary Evidence Forms?    ☐ Yes  ☐ No

## DECISION OF THE HEARINGS OFFICER

☒ Guilty    ☐ Not Guilty    ☐ Dismissed    ☐ Accepted Penalty Offer within 24 Hours of Service

☐ Informal Resolution    ☐ Reduced to Lesser-Included Offense    ☐ Reduced Penalty

☐ Vacated - Offender waived rewrite/reserve of offense    ☐ Vacated for Rewrite/Re-serve

☒ For the charge of:    Offense Title: 212 - Threatening bodily harm to any person verbally- by gesture- or actions -or

☐ For the Lesser Included Offense of:    Offense Title: _____

Reason for Decision:
OFFICER HOSKINS STATED THAT HE OBSERVED OFFENDER WOODHOUSE APPROACH CELL 4-408 AND GET INTO AN ARGUMENT WITH OFFENDER PHILLIPS WHO WAS INSIDE THE CELL.AT ONE POINT HE HEARD OFFENDER PHILLIPS SAY,"DON'T PRESS UP ON ME OR I'LL HAVE TO TEACH YOU SOME MANNERS."DURING THE HEARING OFFENDER PHILLIPS DENIED MAKING THE STATEMENT .HOWEVER TWO STAFF MEMBERS IN THE BOOTH HEARD THE STATEMENT THAT OFFENDER PHILLIPS MADE.OFFENDER PHILLIPS THEN STATED THAT THAT STATEMENT WAS NOT A THREAT TO DO BODILY HARM.HOWEVER THE STATEMENT IS ABSOLUTELY A THREAT TO DO BODILY HARM AND I BELIEVE SINCE TWO STAFF MEMBERS HEARD THE STATEMENT THAT THE STATEMENT WAS MADE BY OFFENDER PHILLIPS.THEREFORE I FIND OFFENDER PHILLIPS GUILTY OF THREATENING BODILY HARM TO ANY PERSON.

Penalty: 4a - Fine up to $15 - Imposed Value: 7 Dollars

Comment: _____

Hearing Officer's Signature: _WRly_    Date: 07/02/2020

Print Name: Hensley, W R

## INSTITUTIONAL REVIEW:

☒ Approved    ☐ Dismissed    ☐ Suspended Penalty    ☐ Informal Resolution

☐ Reduced Penalty    ☐ Rehear    ☐ Reduced to Lesser-Included Offense

☒ For the charge of:    Offense Title: 212 - Threatening bodily harm to any person verbally- by gesture- or actions -or

☐ For the Lesser Included Offense of:    Offense Title: _____

Comments: _____

Penalty: 4a - Fine up to $15 - Imposed Value: 7 Dollars

Signature: _Capt J Burg_    Date: 07/06/2020

Print Name: Burgin, J P    Title: Captain



VIRGINIA DEPARTMENT OF CORRECTIONS

# Penalty Offer

861.1 A-2

Report generated by Light, R A

Report run on 06/24/2020 at 03:59 PM

| | | | | |
|---|---|---|---|---|
| Case Number: WRSP-2020-1320 | Offender Name: Phillips, Anwar R | DOC #: ▬ | Housing: A-4-408B |

Facility: Wallens Ridge State Prison      Reference:

Offense Code: 212      Offense Title: Threatening bodily harm to any person verbally- by gesture- or actions -or

Offense Date: 06/24/2020   Approximate Time: 2:50 PM   Location: GP Dayroom - A-4   Investigation Complete:

## PENALTY OFFER

The available evidence for this case has been reviewed and you are being offered the following **penalty**:

Penalty : 4a - Fine up to $15 - Imposed Value: 3 Dollars

Suspended for (if applicable):

[X] For the charge of:   Offense Title: 212 - Threatening bodily harm to any person verbally- by gesture- or actions -or

[ ] For the Lesser Included Offense of:   Offense Title:

Staff Signature: *L.R.*     Date: 06/24/2020     Time: 3:58 PM

Print Name: Light, R A     Title: Lieutenant

## CONDITIONS OF PENALTY OFFER

1) **ACCEPT** – By accepting, I understand I will be pleading guilty to the offense specified in the offer and accept the penalty indicated above and will waive my right to a Disciplinary Hearing, including any right I may have to present witnesses or other evidence on my behalf, as well as any right I may have to ask questions of anyone who may have given a statement against me. I understand that accepting the Penalty Offer is final, and once I have accepted my Penalty Offer, any appeal of this offense will be limited to a determination of (a) *whether there was a guilty plea*; (b) *whether there was an acceptance of a Penalty Offer*; or (c) *whether there was any serious procedural error*. No other reason for an appeal will be considered.

2) **DECLINE** – If I decline the Penalty Offer, I will be afforded a Disciplinary Hearing. I will have the right to enter a not guilty plea at the hearing, and this Penalty Offer will in no way influence the outcome of the hearing or the severity of any penalty imposed as a result of the hearing.

3) **24 HOURS TO DECIDE** – – I understand that I have 24 hours from the date that the charge is served to accept this offer, and I will be provided the opportunity to consult with an advisor, upon request. Any staff member, other than the Hearings Officer, can witness the decision. If I fail to make a decision in 24 hours, I understand that I will be scheduled for a formal Disciplinary Hearing and will not have the option to accept the Penalty Offer prior to the hearing.

## DECISION AT TIME OF SERVICE

[ ] I ACCEPT the Penalty Offer .

[✓] I DECLINE the Penalty Offer. I understand that I will be scheduled for a Disciplinary Hearing.

[ ] I DEFER my decision. I understand that I have 24 hours from the time of service to communicate my intention to accept the Penalty Offer.

By signing below, I acknowledge that I have been advised of my rights.

Offender Signature: *(signature)*   Print Name: Anwar Phillips   Date: 6-24-20   Time: 4:30 pm

Staff Signature: *C/o B/S*   Print Name: C/o Blair   Date: 6-24-20   Time: 4:30 pm

IF OFFENDER REFUSES TO SIGN, SERVING OFFICER WILL CERTIFY REFUSAL:

## OFFENDER DECISION WITHIN 24 HOURS OF SERVICE

[ ] I ACCEPT the Penalty Offer. NOTE: Offender can have any staff member witness this decision and forward the offender's signed copy to the Hearings Officer within 24 hours from the time of service of the Disciplinary Offense Report and Penalty Offer.

Offender Signature: _____ Print Name: _____ Date: ___ Time: ___

Staff Signature: _____ Print Name: _____ Date: ___ Time: ___


## Request for Documentary Evidence

Case Number: WRSP-2020-1320

Offender Name: Amwar R. Phillips     Offender Number: ▮▮▮▮     Housing: A408

*************************************************************

*Part I - Offender Request for Documentary Evidence*

Complete this form and submit to the Hearings Officer within **48-hours** of service of the charge. If you are in need of assistance to complete this form, request the services of an advisor. <u>Only</u> written documentary evidence or photographs can be requested using this form.

Note: **This form shall not be used to obtain information outside of the institution, to obtain information restricted for security reasons such as video and audio recordings, to request physical evidence, or otherwise restricted by procedure.**

I request the following documentary evidence for the above offense:

**Describe documentary evidence:** Review Pod Camera # ▮▮▮ capture every piece of footage, even when Sgt. Collins, c/o Collins, Osbourne # Carmony came to A408!

**Who possesses this information:** Institution

**Describe how this information is relevant to your charge:** Footage will prove Woodhouse approached me aggressively & tried to come in shower on me while I was peeing in my diaper! Then screamed for c/o Birman to "pop cell-408" # they did! Also, he approached my cell # threaten me stepping over redline!! Sgt. Collins Osbourne came # spoke to me # left me alone once it was clear I didn't do nothing but was being threatened! They all were at my door # left!!!

**Medical Release:**

As the person signing this consent, I understand that I am giving permission to Medical Department staff to release the requested information from my medical record directly to the Hearings Officer.

Offender Signature: Anwar Phillips     Date: 6-24-20

Witness Signature: _____     Date: _____

Note: A witnessing signature is only necessary when the offender is requesting information from his medical record. Any employee of the institution can witness the offender's signature.

*************************************************************

*Part II - Hearings Officer's Review*

Based on the accused offender's statement regarding the above requested information, it is determined that:

☐ INFORMATION **RELEVANT** – Hearings Officer will obtain information, if such information exists.

☐ INFORMATION IS **NOT RELEVANT** – Hearings Officer will not obtain information requested.

☑ INFORMATION **WILL NOT BE OBTAINED** <u>due to being from an outside source, restricted for security reasons such as video and audio recordings, information is not written documentation, or is otherwise restricted to the offender.

☐ REQUEST **DENIED** – offender failed to submit request within 48-hours to the Hearings Officer.

☐ REQUEST IS **INCOMPLETE** and will not be processed

Hearings Officer: WN LL     Date: 6-25-20

If the information is relevant, an attempt will be made to locate the information requested. If the information is not relevant, an attempt will <u>not</u> be made to locate the information. This form will be made a part of the disciplinary record regardless of the disposition. The offender will be advised of the disposition of this request at least one half hour prior to the hearing.


# Reporting Officer Response Form

Case Number: WhSP-2020-1320

Offender Name: Anwar R. Phillips          Offender Number: ▮          Housing: A408

Offense Code: 212          Offense Title: Threatening bodily harm to any person-verbally-by gesture-or action

Offense Date: 6-24-20     Approximate Time: 2:50 ☐AM ☑PM   Location: GP- Dayroom - A4

**PART I – INSTRUCTION:** *This form is only used for Category II Offenses.* The Reporting Officer will personally appear at a hearing for a Category I Offense. If you want to cross-examine the Reporting Officer (for a Category II Offense), provide your questions in the space provided below. It is your responsibility to submit this form to the Hearings Officer within **48-hours** of service of the charge.

Reporting Officer: J. Hoskins          Title: C/O

**PART II – QUESTIONS AND STATEMENT:** Staff may not decline to submit a response to the following question(s). The hearing is scheduled for _____. Reporting Officer must return to Hearings Officer by: _____.

**NOTE:** Prior to the Reporting Officer receiving this form, the Hearings Officer will review the questions submitted by the offender to determine relevancy. The Hearings Officer's will indicate their decision by checking the appropriate box provided in the response section for each question and initialing in the designated space provided. If the Hearings Officer determines that a question is not relevant to the offense, the Reporting Officer is not required to answer that particular question.

| | |
|---|---|
| Question #1: | Did you observe V. Woodhouse approach my cell A408, making threats & cursing & so forth? Did he shout that he was gonna beat my ass, or threats of this type? Did you see Woodhouse walking around with no shirt on? Did I look as if I wanted trouble? ☑Relevant ☐ Not Relevant   Hearings Officer Initials: _____ |
| Response #1: | Yes I saw Woodhouse approach your cell, I do not know if you wanted trouble or not. |
| Question #2: | Did you inform Sgt. Collins c/os Collins, Osborne & Carmony that you saw V. Woodhouse & I was in cell A408? Did they open my cell to talk to me & left to lock-up Woodhouse then 20 min. later decided to lock me up too? So, I wasn't the agitator/aggressor?! ☑Relevant ☐ Not Relevant   Hearings Officer Initials: _____ |
| Response #2: | Yes I informed them of the situation. You both were having a heated conversation and argument. |
| Question #3: | Wasn't I in my cell & Woodhouse walked up to my door & this was during pod rec.? Don't you think Pod noise plus him would drown-out my one voice, I couldn't match their volume or be heard over them if I did say anything?! ☑Relevant ☐ Not Relevant   Hearings Officer Initials: _____ |
| Response #3: | The pod was quiet due to low number of offenders out on rec, the conversation between both of you could be heard. |
| Question #4: | Don't you find it strange that by me avoiding conflict I'm still in trouble! Didn't you see Woodhouse approach me in pod, try to come in shower on me & holler to get A408 popped? Not once did you step in, or take action, & I didn't remove myself & I got hit? ☐Relevant ☐ Not Relevant   Hearings Officer Initials: _____ |
| Response #4: | I did not see him approach you in the shower, only the cell |

| Reporting Officer's Signature: J. Hoskins | Print Name: J. Hoskins | Date: 6/29/20 |
|---|---|---|

*Revision Date: 2/16/16*



## Witness Request Form

Case Number: WRSP-2020-1320

Offender Name: Anwar R. Phillips    Offender Number: ▩    Housing: AU08

Offense Code: 212    Offense Title: Threatening bodily harm to any person verbally - by gesture

Offense Date: 6-24-20    Approximate Time: 2:50 ☐AM ☑PM    Location: Grf - Dayroom-AU    or actions-or

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In the space below, please provide a statement as to the direct knowledge your witness(es) have to this incident.

You may list all of your witnesses on this form, and a separate sheet will be sent by the Hearings Officer to the witness, if deemed relevant. You must submit this form directly to the Hearings Officer within **48-hours** of service of the charge. You may request the assistance of an advisor if needed.

I request the following person(s) to provide a statement for the above offense:

Offender Witness: GP ▩    Offender Number(if known): ▩    Housing: AU22

Knowledge of Incident: Wasn't I in my cell talking to him when Woodhouse came threatening me?!
☑ Relevant    ☐ Not Relevant    Hearings Officer Initials: RM

Offender Witness: DI ▩    Offender Number(if known): ▩    Housing: AU06

Knowledge of Incident: Didn't Woodhouse approach me threatening even when I went in my cell, I did nothing
☑ Relevant    ☐ Not Relevant    Hearings Officer Initials: RM

Offender Witness: _____    Offender Number(if known): _____    Housing: _____

Knowledge of Incident: _____
☐ Relevant    ☐ Not Relevant    Hearings Officer Initials: _____

Staff Witness: N. Osbourne    Title (if known): C/O

Knowledge of Incident: Didn't you tell Sgt. Collins at AU08 Woodhouse came to me threatening & do Haskins said so
☑ Relevant    ☐ Not Relevant    Hearings Officer Initials: RM

Staff Witness: Birman    Title (if known): C/O

Knowledge of Incident: Didn't Woodhouse holler to get AU08 popped & didn't Haskins say he was approaching my cell & threatening
☑ Relevant    ☐ Not Relevant    Hearings Officer Initials: RM

Outside Witness: _____

Address: _____

Knowledge of Incident: _____
☐ Relevant    ☐ Not Relevant    Hearings Officer Initials: _____

Offender Signature: _____    Date: _____

## HEARINGS OFFICER REVIEW

☐ **Request DENIED** – offender failed to submit request within 48-hours to the Hearings Officer.

☐ **Request is incomplete and will not be processed.**

Hearings Officer: _____    Date: _____

Print Name: _____



# Witness Statement

Witness Name: N.OSBORNE

☒ Staff Witness     Title:    C/O

☐ Offender Witness    Number:

☐ Outside Witness

Case Number:    WRSP-2020-1320

Offender Name:    A.PHILLIPS       Offender Number: ▮▮▮    Housing: A-408

Offense Code:    212     Offense Title: **THREATENING BODILY HARM**

Offense Date:   6/24/2020    Approximate Time: 1141   ☒AM ☐PM   Location: B-1

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

You have been requested as a witness for the above-referenced offender. In the space below, please provide a statement as to your direct knowledge of the incident pertaining to the accused offender. **OFFENDER WITNESS ONLY** – *I do not wish to be a witness* ☐

The hearing is scheduled for: 7/2/20      Return to the Hearings Officer no later than: 7/1/20

STATEMENT:

Yes C/O Hoskins notified me via phone, telling us that two offenders were having a heated discussion upon exiting the office in A4 pod offender wood house was going to his cell from A408. A408 was already in his cell so I told Sgt. Collins that I dont think offender Phillips was the issue, that I Believed it was Offender wood house with the problem.

Witness Signature: _____    Date: 6/29/20

## HEARINGS OFFICER REVIEW

☑ Statement is relevant to the offense, and the statement will be addressed in the Disciplinary Hearing.

☐ Statement is NOT relevant to the offense, and the statement will NOT be addressed in the Disciplinary Hearing.

Hearings Officer: WR Um      Date: 6-30-20
Print Name:    WR Housla



# Notice of Restitution/Loss of Pay/Deduction of Fine

**To:** Business Office

**From:** Hearings Officer: CW Franks

**Date Prepared:** 07/06/2020

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Case Number: WRSP-2020-1320

Offender Name: Phillips, A          Number: 1160004

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**NOTICE TO OFFENDER:** As a result of the above listed conviction and imposition of penalty, the amount of Restitution/Fine will be deducted from your offender account. If there are insufficient funds on your account, the amount will be set up as an outstanding debt to be paid when funds are deposited to your account. If the penalty is Loss of Pay, you will not be paid for the hours that you worked, as reflected on your time card, starting on the Hearing Date, listed above, and ending when the total number of unpaid hours specified below have been worked.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ASSESSMENT OF PENALTY – RESTITUTION:**

The Offender Hearings Officer has imposed Restitution for the institutional property damaged/destroyed or for payment for the recovery of the cost of medical treatment of bodily injury. With consideration for the extent of the actual damages, and mitigating and aggravating circumstances, any information presented by the accused and other relevant factors, I have determined that restitution in the following amount be imposed

Description of property:

Cost to Repair/Replace property/ Medical Expenses:          Restitution Amount:

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ASSESSMENT OF PENALTY – FINE:**

As a result of being found guilty of the above listed offense, a penalty of a fine has been imposed by the Hearings Officer in the amount of:

7          (not to exceed $15.00)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ASSESSMENT OF PENALTY – LOSS OF PAY:**

As a result of being found guilty of the above listed offense, a penalty of loss of pay has been imposed by the Hearings Officer for unpaid work hours:

          (not to exceed 60 hours worked).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**BUSINESS OFFICE ACTION:**

Amount Deducted:          Date:          Signature:

Unpaid work hours completed:          Reinstate pay.

          (Date)

Restitution should be deducted and placed in the General Fund. Fines should be deducted and placed in the Commissary Fund. **The original of this form must be kept on file by the Business Office to document the deductions/unpaid work hours on the offender's account.**

**COPY TO OFFENDER**
**COPY TO HEARINGS OFFICER**



# Witness Statement

Witness Name: ▓▓▓▓▓▓▓▓▓▓

☐ Staff Witness
☒ Offender Witness
☐ Outside Witness

Title:
Number: ▓▓▓▓▓▓

Case Number: **WRSP-2020-1320**

Offender Name: **A.PHILLIPS**          Offender Number: ▓▓▓▓   Housing: **A-408**

Offense Code: **212**     Offense Title: **THREATENING BODILY HARM**

Offense Date: **6/24/2020**   Approximate Time: **1141**   ☒AM ☐PM   Location: **B-1**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

You have been requested as a witness for the above-referenced offender. In the space below, please provide a statement as to your direct knowledge of the incident pertaining to the accused offender. **OFFENDER WITNESS ONLY** – *I do not wish to be a witness* ☐

The hearing is scheduled for: **7/2/20**          Return to the Hearings Officer no later than: **7/1/20**

STATEMENT:

I only Know That Mr Phillips was In His cell Never Threatin AnyBody Ho How Is This The case when He was In His own cell who Did He Threatin All I Know is S̶o̶ Osborn even said That He Didn't Do no wrong I was I never Heard 2 word comes From Him ~~or the threat~~ Then ANother Thing At 1141 Am A4 Pod was In Thy cell waiting for feeding Plus whatever Happen -> Didintenvole them Because on This form It's says It Happen IN Location B-1 not A4 So maybe There Is A miss understanding

Witness Signature: [signature]          Date: 6-25-20

## HEARINGS OFFICER REVIEW

☒ Statement is relevant to the offense, and the statement will be addressed in the Disciplinary Hearing.

☐ Statement is NOT relevant to the offense, and the statement will NOT be addressed in the Disciplinary Hearing.

Hearings Officer: C u F H A [signature]          Date: 6-26-20
Print Name: C u F H A


# Witness Statement

Witness Name: ▮▮▮▮▮▮

☐ Staff Witness
☒ Offender Witness
☐ Outside Witness

Title: _____

Number: ▮▮▮▮▮▮

Case Number: **WRSP-2020-1320**

Offender Name: **A.PHILLIPS**    Offender Number: ▮▮▮▮▮▮    Housing: **A-408**

Offense Code: **212**    Offense Title: **THREATENING BODILY HARM**

Offense Date: **6/24/2020**    Approximate Time: **1141**    ☒AM ☐PM    Location: **B-1**

*********************************************************************************************
You have been requested as a witness for the above-referenced offender. In the space below, please provide a statement as to your direct knowledge of the incident pertaining to the accused offender. **OFFENDER WITNESS ONLY –** *I do not wish to be a witness* ☐

The hearing is scheduled for: 7/2/20    Return to the Hearings Officer no later than: 7/1/20

**STATEMENT:**

lots Yelling and Cussing

Witness Signature: _Oak White_    Date: 6-26-20

## HEARINGS OFFICER REVIEW
☑ Statement is relevant to the offense, and the statement will be addressed in the Disciplinary Hearing.
☐ Statement is NOT relevant to the offense, and the statement will NOT be addressed in the Disciplinary Hearing.

Hearings Officer: _CU FRANK_    Date: 6·26·20

Print Name: _CU FRANK_



VIRGINIA
DEPARTMENT OF CORRECTIONS

# Witness Statement

Witness Name:  S.BIRMAN

☒ Staff Witness    Title:   C/O
☐ Offender Witness    Number:
☐ Outside Witness

Case Number:   **WRSP-2020-1320**

Offender Name:   **A.PHILLIPS**    Offender Number: ███    Housing: **A-408**

Offense Code:   **212**    Offense Title:   **THREATENING BODILY HARM**

Offense Date:   **6/24/2020**   Approximate Time: **1141**   ☒AM ☐PM   Location:   **B-1**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

You have been requested as a witness for the above-referenced offender. In the space below, please provide a statement as to your direct knowledge of the incident pertaining to the accused offender. **OFFENDER WITNESS ONLY** – *I do not wish to be a witness* ☐

The hearing is scheduled for:   7/2/20     Return to the Hearings Officer no later than:   7/1/20

STATEMENT:

Yes. Woodhouse yelled for cell-408 to be opened, after Offender Phillips did not come out of the cell for rec. Offender Woodhouse got angry, approached Offender Phillips cell and began making threats, and hand gestures, at one point we heard Phillips state "Don't press up on me, or I'll have to teach you some manners." However, I believe Phillips was letting offender Woodhouse know he would defend himself if need be

Witness Signature:   C/o S. Birman     Date:   6/29/20

## HEARINGS OFFICER REVIEW

☒ Statement is relevant to the offense, and the statement will be addressed in the Disciplinary Hearing.

☐ Statement is NOT relevant to the offense, and the statement will NOT be addressed in the Disciplinary Hearing.

Hearings Officer:   WR/Ly     Date:   6-30-20
Print Name:   WR Hevale

A 408

# Wallens Ridge State Prison

I  PHILLIPS, A.                    #  ████████

Certify that I have received page two of the Disciplinary
Offense Report for case number (WRSP-2020- 1320 )
and have been advised of my rights to appeal the
decision to the facility unit head for (Category 1 & 2
Offence Codes), and to the Regional Director for
(Category 1 Offence Codes).


Offender Signature: _Anuar Phillips_____

           Date: _7-8-20_____


Serving Officer Signature: __Welly_____

           Date: __7-8-20____



VIRGINIA DEPARTMENT OF CORRECTIONS

# Disciplinary Offense Report

Case Number: WRSP-2020-1321    Offender Name: Woodhouse, Vincent L    DOC #: 1031027    Housing: A-4-411B

Facility: Wallens Ridge State Prison    Reference:

Offense Code: 212    Offense Title: Threatening bodily harm to any person verbally- by gesture- or actions -or

Offense Date: 06/24/2020    Approximate Time: 2:50 PM    Location: GP Dayroom - A-4

## DESCRIPTION OF THE OFFENSE

Provide a summary of the details of the offense (i.e.: who, what, when, where, and how; any unusual behavior, any physical evidence and its disposition, and any immediate action taken – including use of force, etc.)

On June 24, 2020 at 2:50 PM I Officer J. Hoskins was working as A-2 Gunpost when I observed a heated discussion between Offender V. Woodhouse #1031027 and Offender A. Phillips #1160004, after Offender Phillips returned to his assigned cell Offender Woodhouse approached the cell door and stated "You're the biggest pussy on the mountain, come out of that cell and I'll fuck you up pussy bitch!" Offender is charged under O.P. 861.1.

☐ Investigation    Date Completed: _____    ☐ DESCRIPTION CONTINUED ON ATTACHED PAGE

Witnesses: Birman, S

Reporting Officer: Hoskins, J
Title: Correctional Officer
Date: 06/24/2020    Time: 3:59 PM

Officer -In-Charge : Hughes, B L
OIC Signature: _____
Title: Lieutenant
Date: 06/24/2020    Time: 4:15 PM

## ADVISEMENT OF RIGHTS

By signing below, you indicate your preference regarding the rights indicated. Failure to respond, or indicate a preference, constitutes a **WAIVER** of the first three rights. The following forms are available to the offender **UPON REQUEST** in each housing unit: *Witness Request Form, Documentary Evidence Request Form, and the Reporting Officer Response Form.* The offender must submit these request forms to the Hearings Officer within **48-HOURS** of the charge being served.

| | | |
|---|---|---|
| DO YOU REQUEST A STAFF OR OFFENDER ADVISOR TO ASSIST YOU AT THE HEARING? | ☐ Yes ☑ No | ☐ REFUSED TO RESPOND |
| DO YOU WISH TO REQUEST WITNESSES? | ☐ Yes ☑ No | ☐ REFUSED TO RESPOND |
| DO YOU WISH TO REQUEST DOCUMENTARY EVIDENCE? | ☐ Yes ☑ No | ☐ REFUSED TO RESPOND |
| DO YOU WISH TO WAIVE YOUR RIGHT TO 24-HOUR PREPARATION TIME PRIOR TO THE HEARING? | ☑ Yes ☐ No | ☐ REFUSED TO RESPOND |
| DO YOU WISH TO APPEAR AT THE DISCIPLINARY HEARING? Refusal to appear is an admission of guilt, a waiver of witnesses and the right to a disciplinary hearing. | ☐ Yes ☑ No | ☐ REFUSED TO RESPOND |

YOU HAVE THE RIGHT TO QUESTION REPORTING OFFICER
(In person for Category I Offenses; by submitting a Reporting Officer Response Form for Category II Offenses)

YOU HAVE THE RIGHT TO ENTER INTO A PENALTY OFFER.

YOU MAY REMAIN SILENT. Silence does NOT constitute an admission of guilt.

THE CHARGE MAY BE VACATED AND RE-SERVED AS A DIFFERENT OFFENSE, WHICH CAN BE A HIGHER, EQUIVALENT OR LESSER OFFENSE CODE.

YOU MAY BE FOUND GUILTY OF A LESSER-INCLUDED OFFENSE CODE, IN ACCORDANCE WITH OPERERATING PROCEDURE 861.1

## You have been informed of the charges against you, and advised of your rights at the Disciplinary Hearing

Served and Witnessed By: _____    Offender's Signature: _____

Print Name: Jo Blair    Print Name: Vincent Woodhouse

Date of Service: 6-24-20    Approximate Time: 4:35pm

IF OFFENDER REFUSES TO SIGN, SERVING OFFICER WILL CERTIFY REFUSAL: _____

ADVISOR AT SERVICE OF DOR: _____    FORMS PROVIDED AT SERVICE (IF REQUESTED): ☑ Yes ☐ No

Date of Hearing: 07/01/2020    Revised Date: _____    Revised Date: _____    Revised Date: _____

Rev. 01/01/2016

**ENCLOSURE D**

# DISCIPLINARY OFFENSE REPORT (continued)

Case Number: WRSP-2020-1321     Offender Name: Woodhouse, Vincent L     DOC #: 1031027     Housing: A-4-411B

Facility: Wallens Ridge State Prison     Reference: _____

## OFFENDER'S PLEA AND RIGHTS

Hearing Location: Wallens Ridge State Prison     Date: 06/25/2020     Time: 7:06 AM

Plea: ☐ Guilty   ☐ Not Guilty   ☐ No Plea

Advisor at hearing: _____

Reason for absence/exclusion of the accused offender: _____

Was the Reporting Officer present at the Disciplinary hearing?   ☐ Yes  ☐ No

Has there been a denial of requested witnesses?   ☐ Yes  ☐ No

Has there been a denial of Documentary Evidence Forms?   ☐ Yes  ☐ No

## DECISION OF THE HEARINGS OFFICER

☐ Guilty          ☐ Not Guilty          ☐ Dismissed     ☒ Accepted Penalty Offer within 24 Hours of Service

☐ Informal Resolution     ☐ Reduced to Lesser-Included Offense     ☐ Reduced Penalty

☐ Vacated - Offender waived rewrite/reserve of offense     ☐ Vacated for Rewrite/Re-serve

☒ For the charge of:     Offense Title: 212 - Threatening bodily harm to any person verbally- by gesture- or actions -or

☐ For the Lesser Included Offense of:     Offense Title: _____

Reason for Decision: Offender Woodhouse accepted his penalty offer.

Penalty: 4a - Fine up to $15 - Imposed Value: 3 Dollars

Comment: _____

Hearing Officer's Signature: _____     Date: 06/25/2020

Print Name: Franks, C.W.

## INSTITUTIONAL REVIEW:

☒ Approved        ☐ Dismissed          ☐ Suspended Penalty        ☐ Informal Resolution

☐ Reduced Penalty     ☐ Rehear          ☐ Reduced to Lesser-Included Offense

☒ For the charge of:     Offense Title: 212 - Threatening bodily harm to any person verbally- by gesture- or actions -or

☐ For the Lesser Included Offense of:     Offense Title: _____

Comments: _____

Penalty: 4a - Fine up to $15 - Imposed Value: 3 Dollars

Signature: _____     Date: 06/29/2020

Print Name: Burgin, J.P.     Title: Captain


| | | | | | |
|---|---|---|---|---|---|
| Case Number: WRSP-2020-1321 | Offender Name: Woodhouse, Vincent L | | DOC #: 1031027 | Housing: A-4-411B |

Facility: Wallens Ridge State Prison — Reference:

Offense Code: 212    Offense Title: Threatening bodily harm to any person verbally- by gesture- or actions -or

Offense Date: 06/24/2020   Approximate Time: 2:50 PM   Location: GP Dayroom - A-4    Investigation Complete:

---

**PENALTY OFFER**

The available evidence for this case has been reviewed and you are being offered the following **penalty:**

Penality : 4a - Fine up to $15 - Imposed Value: 3 Dollars

Suspended for (if applicable):

[X] For the charge of:    Offense Title:   212 - Threatening bodily harm to any person verbally- by gesture- or actions -or

[ ] For the Lesser   Offense Title:
Included Offense of:

Staff Signature: _(signature)_    Date: 06/24/2020    Time: 4:15 PM

Print Name: Hughes, B L    Title: Lieutenant

---

**CONDITIONS OF PENALTY OFFER**

1) <u>ACCEPT</u> — By accepting, I understand I will be pleading guilty to the offense specified in the offer and accept the penalty indicated above and will waive my right to a Disciplinary Hearing, including any right I may have to present witnesses or other evidence on my behalf, as well as any right I may have to ask questions of anyone who may have given a statement against me. I understand that accepting the Penalty Offer is final, and once I have accepted my Penalty Offer, any appeal of this offense will be limited to a determination of (a) *whether there was a guilty plea*; (b) *whether there was an acceptance of a Penalty Offer*; or (c) *whether there was any serious procedural error*. No other reason for an appeal will be considered.

2) <u>DECLINE</u> — If I decline the Penalty Offer, I will be afforded a Disciplinary Hearing. I will have the right to enter a not guilty plea at the hearing, and this Penalty Offer will in no way influence the outcome of the hearing or the severity of any penalty imposed as a result of the hearing.

3) <u>24 HOURS TO DECIDE</u> — I understand that I have 24 hours from the date that the charge is served to accept this offer, and I will be provided the opportunity to consult with an advisor, upon request. Any staff member, other than the Hearings Officer, can witness the decision. If I fail to make a decision in 24 hours, I understand that I will be scheduled for a formal Disciplinary Hearing and will not have the option to accept the Penalty Offer prior to the hearing.

---

**DECISION AT TIME OF SERVICE**

[✓] I ACCEPT the Penalty Offer .

[ ] I DECLINE the Penalty Offer. I understand that I will be scheduled for a Disciplinary Hearing.

[ ] I DEFER my decision. I understand that I have 24 hours from the time of service to communicate my intention to accept the Penalty Offer.

By signing below, I acknowledge that I have been advised of my rights:

Offender Signature: _(signature)_   Print Name: Vincent Woodhouse   Date: 6-24-20   Time: 4:35pm

Staff Signature: c/o _(signature)_   Print Name: c/o Blair   Date: 6-24-20   Time: 4:35pm

**IF OFFENDER REFUSES TO SIGN, SERVING OFFICER WILL CERTIFY REFUSAL:**

---

**OFFENDER DECISION WITHIN 24 HOURS OF SERVICE**

[ ] I ACCEPT the Penalty Offer. **NOTE:** Offender can have any staff member witness this decision and forward the offender's signed copy to the Hearings Officer within 24 hours from the time of service of the Disciplinary Offense Report and Penalty Offer.

Offender Signature: _____   Print Name: _____   Date: _____   Time: _____

Staff Signature: _____   Print Name: _____   Date: _____   Time: _____



# Notice of Restitution/Loss of Pay/Deduction of Fine

**To:**   Business Office

**From:**   Hearings Officer:   CW Franks

**Date Prepared:**   06/29/2020

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Case Number:   WRSP-2020-1321

Offender Name:   Woodhouse, V                    Number:   1031027

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**NOTICE TO OFFENDER:**   As a result of the above listed conviction and imposition of penalty, the amount of Restitution/Fine will be deducted from your offender account. If there are insufficient funds on your account, the amount will be set up as an outstanding debt to be paid when funds are deposited to your account. If the penalty is Loss of Pay, you will not be paid for the hours that you worked, as reflected on your time card, starting on the Hearing Date, listed above, and ending when the total number of unpaid hours specified below have been worked.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ASSESSMENT OF PENALTY – RESTITUTION:**

The Offender Hearings Officer has imposed Restitution for the institutional property damaged/destroyed or for payment for the recovery of the cost of medical treatment of bodily injury. With consideration for the extent of the actual damages, and mitigating and aggravating circumstances, any information presented by the accused and other relevant factors, I have determined that restitution in the following amount be imposed

Description of property: _____

Cost to Repair/Replace property/ Medical Expenses: _____   Restitution Amount: _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ASSESSMENT OF PENALTY – FINE:**

As a result of being found guilty of the above listed offense, a penalty of a fine has been imposed by the Hearings Officer in the amount of:

3                    (not to exceed $15.00)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ASSESSMENT OF PENALTY – LOSS OF PAY:**

As a result of being found guilty of the above listed offense, a penalty of loss of pay has been imposed by the Hearings Officer for unpaid work hours:

_____   (not to exceed 60 hours worked).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**BUSINESS OFFICE ACTION:**

Amount Deducted: _____   Date: _____      Signature: _____

Unpaid work hours completed: _____      Reinstate pay.

(Date)

Restitution should be deducted and placed in the General Fund. Fines should be deducted and placed in the Commissary Fund. **The original of this form must be kept on file by the Business Office to document the deductions/unpaid work hours on the offender's account.**

**COPY TO OFFENDER**
**COPY TO HEARINGS OFFICER**

# **Wallens Ridge State Prison**

I _Wood House_ # _1031027_

Certify that I have received page two of the Disciplinary Offense Report for case number (WRSP-2020-_1321_ ) and have been advised of my rights to appeal the decision to the facility unit head for (Category 1 & 2 Offence Codes), and to the Regional Director for (Category 1 Offence Codes).

Offender Signature: _Refused To Sig._

Date: _6-30-20_

Serving Officer Signature: _Wlly_

Date: _6-30-20_

| | Offender Management and Programs |
|---|---|
| | **Operating Procedure 830.6** |
| | *Offender Keep Separate Management* |
| | **Authority:** Directive 830, *Classification Management* |
| | **Effective Date:** August 1, 2020 |
| | **Amended:** |
| | **Supersedes:** Operating Procedure 830.6, May 1, 2017 |
| | **Access:** ☒ Public ☐ Restricted ☒ Incarcerated Offender |
| | **ACA/PREA Standards:** 5-ACI-3D-08, 5-ACI-4A-05; 4-4251, 4-4281; §115.62 |



# Virginia Department of Corrections

| | | | |
|---|---|---|---|
| **Content Owner:** | Jim Parks<br>Director of Offender Management Services | *Signature Copy on File* | 7/9/20 |
| | | Signature | Date |
| **Reviewer:** | Jermiah Fitz, Jr.<br>Corrections Operations Administrator | *Signature Copy on File* | 7/16/20 |
| | | Signature | Date |
| **Signatory:** | A. David Robinson<br>Chief of Corrections Operations | *Signature Copy on File* | 7/20/20 |
| | | Signature | Date |

## REVIEW

The Content Owner will review this operating procedure annually and re-write it no later than three years after the effective date.

## COMPLIANCE

This operating procedure applies to all units operated by the Virginia Department of Corrections. Practices and procedures must comply with applicable State and Federal laws and regulations, ACA standards, PREA standards, and DOC directives and operating procedures.

**ENCLOSURE E**

# Table of Contents

DEFINITIONS ........................................................................................................................................ 3

PURPOSE ............................................................................................................................................... 4

PROCEDURE .......................................................................................................................................... 4

    I.      Separation of Offenders ................................................................................................... 4

    II.     Evaluation and Investigation of Keep Separate Situations ............................................. 4

    III.    Keep Separate Determination .......................................................................................... 5

    IV.    Offender Reassignments .................................................................................................. 6

    V.     Deleting Keep Separate Information ............................................................................... 6

    VI.    Initial Classification Keep Separate Checks .................................................................. 7

    VII.   Parole Violator Keep Separate Checks ........................................................................... 7

    VIII. Confidentiality ................................................................................................................. 7

    IX.    Offender Appeals ............................................................................................................. 7

REFERENCES ........................................................................................................................................ 7

ATTACHMENTS ..................................................................................................................................... 7

FORM CITATIONS ................................................................................................................................. 7

# DEFINITIONS

**Co-Defendants** - DOC offenders who committed the same felony offense (or portions of the same offense) and where there is a verified, documented reason to believe these offenders may have a conflict with one another while incarcerated

**Keep Separate** - A classification action whereby an offender is not to be housed at a specific location, or with access to specific DOC staff, or offender; a "Keep Separate" determination is not required but may be based on:

- Two or more offenders who are a serious threat to one another as demonstrated by a verified, prior, aggravated assault (or contract for assault) where serious harm or death was clearly the intent of the aggressor
- One offender has testified against another offender in court and the offender's conviction and/or length of sentence was likely influenced by the testimony
- An offender's felony was committed against DOC staff, another offender, or the immediate family of the staff or offender
- The offender is a family member, friend, and/or prior associate with a DOC staff member
- The offender's crime was committed against a current or former institutional employee or in the locality where the institution is located
- The offender is subject to a substantial risk of sexual abuse from a specific, identified offender (§115.62)

**Relatives** - DOC offenders who have first generation relationships, including step relationships e.g., brothers, sisters, father and son, mother and daughter and where there is a verified, documented reason to believe that these offenders may have a conflict with one another while incarcerated

**Serious Management Problems** - Disputes between DOC offenders at a particular institution of such significance as to warrant an Incident Report and/or disciplinary charge(s) and temporary assignment to restrictive housing for one or both parties

# PURPOSE

This operating procedure establishes a standardized system of identifying, verifying, and documenting offender Keep Separate needs within institutions operated by the Department of Corrections (DOC).

# PROCEDURE

I.   Immediate Separation of Offenders

    A. Any staff member who becomes aware of a possible need to separate offenders should immediately notify the Shift Commander or administrator on duty.

    B. When the Shift Commander or higher authority determines there is an immediate need to separate offenders because a potentially dangerous situation exists, or because there may be an escalation of a conflict and the safety of staff or offenders may be threatened, they must take appropriate measures to protect those offenders involved and maintain the security of the institution. (5-ACI-3D-08; 4-4281)

        1. Appropriate measures may include but are not limited to internal separation or placement on General Detention in a restrictive housing unit; see Operating Procedure 841.4, *Restrictive Housing Units*.

        2. It is the responsibility of each Shift Commander or higher authority to assign keep separate claimants to restrictive housing on General Detention only after all other alternatives have been ruled out and the safety of staff or offenders may be threatened. (5-ACI-4A-05; 4-4251)

        3. Offenders placed in General Detention will be referred for an Institutional Classification Authority (ICA) hearing to review the case and make a recommendation regarding the need for assignment to restrictive housing, Keep Separate documentation, or other actions.

    C. When the Shift Commander or higher authority receives information related to a possible Keep Separate situation that does not require immediate separation of the offenders involved, the Shift Commander or higher authority should forward the information to the Institutional Investigator or other appropriate staff for investigation and evaluation.

II.  Evaluation and Investigation of Keep Separate Situations

    A. The Institutional Investigator or other appropriate investigating staff will gather information and investigate keep separate situations as needed.

    B. Administrative Separation

        1. Occasionally, it is necessary to separate offenders who have not claimed problems with one another, but rather whose prior conflicts and physical proximity to one another may lead to further disruptive behavior and serious management problems e.g., co-defendants, relatives, etc.

        2. Supervisory or Management staff only can refer an offender to the ICA for administrative action to assign a keep separate status due to enemies, co-defendants, and relatives:

            a. The staff member should document the separation reason requested i.e., serious threat to one another, co-defendants, relatives, etc.

            b. The staff member must provide documentation of each incident that led to the need for separation.

            c. Offenders must not be involved in the threat evaluation or notified of the results of any administrative action to assign a keep separate status.

        3. All such actions require review by Central Classification Services.

    C. Offender Keep Separate Claims

        1. An offender claiming another offender as a keep separate should be required to provide investigating staff with sufficient information to properly identify the claimed keep separate, including the following elements:

            a. Offender's name and DOC number, if known

    b.  Nickname, if any

    c.  Physical description - Where necessary and feasible, an identifying photograph may be used.

    d.  Location, if known

    e.  Known associates with other offenders or offender groups

    f.  Specific circumstances which led to the claim

    g.  Any other relevant information

2.  Offender Interviews

    a.  Investigating staff will interview the offender and evaluate the offender's keep separate claim in a timely manner.

    b.  The offender should provide as much information as possible, including any means of verifying the keep separate claim.

3.  Investigation

    a.  Investigating staff will attempt to verify the situation that led to the keep separate claim; and should document or log all verification attempts to include the names of all contacts made.

    b.  Care should be taken to ensure that disclosure of the claimant's identity is not made to other offenders involved if it may place the claimant or other offenders at greater risk.

    c.  When the investigation finds sufficient evidence that a disciplinary offense has been committed, it is the responsibility of investigating staff to initiate appropriate disciplinary charges.  Conviction of the disciplinary charge then becomes the basis for possible offender separation.

4.  Staff evaluating keep separate claims for validity should rely on specific, documented evidence, provided by staff, reliable offender witnesses, incident reports, disciplinary charges, pre-sentence investigations, court records, jail records, and correspondence from the Office of the Commonwealth's Attorney or Attorney General, etc.

5.  The investigating official must determine if a keep separate claim should initiated, once the offender's keep separate claim is investigated and evaluated.  A keep separate claim should be initiated where there is verified evidence of the following:

    a.  A potentially life threatening assault has been made on the claimant or a contract has been sought to seriously harm, maim, or kill the reporting offender

    b.  The claimant testified in court against another DOC offender and the offender's conviction and/or length of sentence was likely influenced by the claimant's testimony.  In the case of one co-defendant testifying against another, there should be clear and substantial evidence that one defendant's testimony influenced the decision of the court.

    c.  The claimant's crime was committed against another DOC offender or the offender's immediate family.

III.  Keep Separate Determination

A.  Summary Report

1.  The investigating staff member must prepare documentation, investigation report preferred, containing a summary of the situation, the steps taken to investigate and evaluate the situation, and the staff member's conclusions regarding the need for a keep separate determination.

2.  When investigating staff recommend approval of a keep separate claim, the staff member must provide documentation to validate each incident leading to the need for separation.

3.  The summary report and all supporting documentation must be submitted to the ICA for consideration during the ICA hearing.

B.  ICA Review

1.  The ICA will conduct a hearing to review the information provided and will render a decision to approve or disapprove the keep separate determination; see Operating Procedure 830.1, *Institution*

*Classification Management*.

2. Where the summary report and investigation results show insufficient supporting documentation to validate the incident that led to the need for separation, the ICA should recommend disapproval.

3. The Summary Report and other relevant documents should be uploaded as external documents to the VACORIS ICA hearing record.

C. Management Review

1. When the Facility Unit Head or designated review authority recommends approval or a change in an offender's keep separate classification, the decision will be escalated to Central Classification Services (CCS) for final disposition.

2. Facility Unit Head or designee disapprovals are final and are not escalated for CCS for review.

3. CCS will document the final disposition in VACORIS.

D. Offender notification

1. Appropriate institutional staff will notify the offender in writing of the final decision on approval and disapproval of offender initiated keep separate claims.

2. Offenders must not be notified of keep separates added by administrative request.

IV. Offender Reassignments

Upon final CCS action on a keep separate situation, the institution should take the following actions:

1. Offenders approved for Keep Separate status must be separated at all times and should not be placed in the same institution except at Security Level 5 and Security Level S institutions where adequate security restrictions should prevent offenders from ever coming in contact except in a closely monitored area.

   a. If a keep separate claim was initiated due to an assault, the aggressor should be recommended for transfer so that the victim may be returned to the general population as quickly as possible.

   b. Under other keep separate circumstances, the institution should determine the appropriate party to transfer.

2. When CCS disapproves a keep separate claim for an offender assigned to restrictive housing, the offender should immediately be reviewed for return to the general population.

   a. If deemed appropriate, institutional staff may desire to separate such offenders internally within their general population.

   b. Offenders who refuse to return to the general population should be evaluated for assignment to the *Steps to Achieve Reintegration (STAR) Program;* see Operating Procedure 830.5, *Transfers, Institution Reassignments*.

V. Deleting Keep Separate Information

A. It is important that staff carefully evaluate offender requests to delete a keep separate designation.

1. Offenders may request to delete only those offenders who are listed as a keep separate, based solely on the requesting offender's keep separate claim.

2. The offender must submit a written request, preferably notarized, to the Counselor.

3. At each offender's annual review, the Counselor should encourage deletion of those offenders who are no longer valid keep separates.

B. Counselor Evaluation

1. The Counselor will evaluate the offender's request for validity in the same manner as for adding a keep separate and must submit a summary report to the ICA.

2. Verification with other institutions may be necessary to determine the specifics regarding an incident

that led to the initial keep separate status; however, care should be taken to ensure confidentiality in situations where the other offender is not aware of having been claimed as a keep separate.

C. Management Review

1. The ICA and the Facility Unit Head or designated authority will conduct a review as outlined in this operating procedure for adding a keep separate.

2. Once CCS has approved or disapproved the keep separate deletion and has entered the decision in VACORIS, the offender's Counselor must notify the offender of the final decision.

D. Non-Keep Separate Reviews

1. The institution administration and CCS should periodically review any issues where a keep separate claim was disapproved in order to determine if there has been any change in the situation.

2. If the review indicates that the issues no longer exists, the Facility Unit Head may request that the listed offenders' separation status be deleted.

3. Such actions are to be fully justified and reviewed by CCS for deletion.

VI.   Initial Classification Keep Separate Checks

A. Reception Center and other intake unit staff will interview newly received offenders as to any known keep separates in the DOC.

1. Keep separate claims will be investigated and evaluated in accordance with the requirements of this operating procedure.

2. Only those offenders with a DOC number can be entered as a keep separate in VACORIS.

3. Potential keep separate situations for jail offenders without a DOC number should be documented for a follow-up review in the offender's record.

VII.   Parole Violator Keep Separate Checks

Reception Center staff should ensure that previously identified keep separate information is re-verified and sent to CCS for final review.

VIII.   Confidentiality

A. Except where otherwise authorized in this operating procedure, keep separate information is not to be disclosed to offenders.

B. Under no circumstances are offenders allowed to view or receive a copy of information in VACORIS or any other documentation of a keep separate situation.

IX.   Offender Appeals

Offenders may appeal the decision on their keep separate claim through the Offender Grievance Procedure.

# REFERENCES

Operating Procedure 830.1, *Institution Classification Management*

Operating Procedure 830.5, *Transfers, Institution Reassignments*

Operating Procedure 841.4, *Restrictive Housing Units*

# ATTACHMENTS

None

# FORM CITATIONS

None