In the United States District Court
For the Western District of Virginia

Vincent Woodhouse
v.                                        Case No. 7:20 cv 00655
Major King, et al.,

## Memorandum of Law In Opposition TO Defendants Motion For Summary Judgement

### Argument

(a) Summary Judgement Standard

Summary Judgement is only appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to a judgement as a matter of Law." Fed. R. Civ. P. 56(c); See Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). In making this determination, the court must view the evidence in the record in the light most favorable to the non-moving party, giving that party the benefits of all reasonable inferences. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587; 89 L.Ed 2d 538; 106 S.ct. 1348 (1986). However, assessment of credibility, conflicting versions -

1

of events, and the wieght to be assigned to evidence are for the jury, not the court. see Anderson v. Liberty Lobby Inc. 477 U.S. 242, at 255, (1986).

"As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing [deliberate Indifference] law will properly preclude the entry of summary Judgement. Factual disputes that are irrelevant or unnecessary will not be counted." id. at 248

### Eighth Amendment

The Eighth Amendment prohibits the infliction of "cruel and unusual punishment." It is made applicable to the states by the Fourteenth Amendment. See Robinson v. California 370 U.S. 660, 666; 82 S.ct. 1417, 8 L.Ed. 2d 758 (1962). "[P]rison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan 511 U.S. 825 at 833 (1994).

Deliberate Indifference is when prison officials ignore and obvious and serious danger. id.@ at 835 (1994). The Mdt members ignored an obvious serious danger when they rehoused the

2

plaintiff with A. phillips knowing that Phillips had threatened to inflict bodily harm on the Plaintiff in the future. The defendants "essentially orchestrated the attack" by placing the defendant back in the same housing unit as A. phillips. See Cantu v. Jones 293 F.3d 839, 844-845 (5th. Cir. 2002).

The deliberate Indifference in the prison context requires: First the danger to the inmate must be objectively "sufficiently serious", "posing a substaintial risk of serious harm." Placing a Known Snitch targeted by gang members back in the same housing unit with an inmate who had threatened him earliers posed a substaintial risk of serious harm.
and
Second the prison official had a "sufficently culpable state of mind." When prison officials charged phillips with threatened bodily harm and seperated them for safety reasons, then rehoused them together where the plaintiff was hurt, the defendants had a "sufficiently culpable state of mind." See Farmer v. Brennan 511 U.S. 825 at 834 (1994).

3

The defendant claim they had no knowledge of risk of serious injury. But the evidence in case shows the defendants knew that if they re-housed the plaintiff with A. phillips, the plaintiff would be harmed. First, A. phillips was charged with Threatening bodily harm to the plaintiff and found guilty. Secondly the plaintiff and the inmate had to be seperated. Third, King told the plaintiff "I'm sending you back for round 2". Fourthly, Mr. Arms the intelligence Officer prepared a report stating that housing plaintiff in General population in the VADOC was not advised because the plaintiff was labeled and exposed as a snitch and targeted by gang members. See complaint attachment. ECF No. 1 exhibit A.

"If... the evidence before the district court establishes that an Inmate faces an objectively intolerable risk of serious injury, The defendants could not plausibly persist in claiming lack of awareness." see Farmer v. Brennan 511 U.S. at 846 n. 9 (1994).

4.

## Qualified Immunity

The Defendants argue that they are entitled to qualified Immunity. The defendants are wrong on the law and the Facts.

"The doctrine of qualified Immunity shields state officials from liability [only when] they did not violate 'clearly established' statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald 457 U.S. 800, 818 (1982).

The plaintiff had a clearly established right to be protected from violence at the hands of other prisoners. "[P]rison officials have a duty... to protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan 511 U.S. 825 at 833 (1995).

A reasonable person would have known that housing an inmate labeled a "snitch" and targeted by prisoners, who was threatened with bodily harm, with the inmate who had threatened him was unreasonable, and posed a substantial risk of serious harm to the plaintiff. id at 834.

5

"[H]aving stripped [Woodhouse] of virtually every means of self-protection and foreclosed [his] access to outside aid, the government and its officials are not free to let the state of nature take its course. A duty to protect prisoners from each other is a logical correlative of states obligation to replace a means of self-protection among its wards." Farmer 511 U.S. 825, at 833 (1994).

Being violently assaulted in prison is simply not "part of the penalty that criminal offenders pay for their offenses against society." see Rhodes v. Chapman 452 U.S. 337 at 347 (1981)

Lastly, the defendants submissions has not foreclosed the possibility of the existence of certain facts from which it would be open to a jury to infer from the circumstances that ~~under this~~ The defendants had knowledge of re-housing an inmate who was labeled a snitch and targeted by gang members with an inmate who had threatened him with bodily harm, posed a substantial risk of serious harm to the plaintiff.

Respectfully Submitted
Vincent Woodhouse

6