CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

June 05, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| VINCENT WOODHOUSE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:20-cv-00655 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MAJOR KING, | ) | By:   Hon. Thomas T. Cullen |
| | ) |       United States District Judge |
| Defendant.[1] | ) | |

Plaintiff Vincent Woodhouse, initially proceeding *pro se*, filed this action under 42 U.S.C. § 1983. (*See* Compl.) After counsel for Woodhouse entered their appearances, this matter proceeded to trial where a jury returned a verdict for Woodhouse. (ECF No. 122.) Subsequently, the parties, including Woodhouse (represented by counsel), entered into a settlement agreement resolving this matter (ECF No. 141-2) and jointly moved to vacate the jury's verdict. (ECF No. 138.) In granting the motion to vacate, the court retained jurisdiction over this matter to enforce the terms of the settlement agreement. (ECF No. 139 at 1.).

On October 20, 2025, Woodhouse executed a *pro se* motion to enforce the settlement agreement (ECF No. 141), which is pending before the court. Woodhouse claims that Defendants[2] have breached the settlement agreement in a variety of ways. (*See id.*) Defendants filed a response in opposition (ECF No. 142), Woodhouse did not file a reply, and the motion is ripe for adjudication.

---

[1] Woodhouse initially sued three Defendants: Major King, Joseph Ely, and Unit Manager Stallard. (*See* Compl. at 1 [ECF No. 1].) But his claims against Ely and Stallard were dismissed on summary judgment. (*See* ECF No. 34.)

[2] In addition to Woodhouse and King, the Virginia Department of Corrections was a party to the settlement agreement. (ECF No. 141-2 at 1.)

Counsel for Woodhouse has not moved to withdraw as counsel of record, and there is no indication that Woodhouse is no longer represented. "A district court has no obligation to entertain pro se motions filed by a represented party." *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001); *Mitchell v. Senkowski*, 489 F. Supp. 2d 147, 150 (N.D.N.Y. 2006) ("[T]his Court will not accept Plaintiff's *pro se* filing in this civil matter as the substantive motion standing alone, and with Plaintiff represented by counsel."); *see also United States v. Hammond*, 821 F. App'x 203, 207 (4th Cir. 2020) (noting that district courts are generally under no obligation to consider *pro se* motions filed by represented parties). Accordingly, Woodhouse's motion (ECF No. 141) will be denied without prejudice. If Woodhouse still intends to seek relief based on alleged breaches of the settlement agreement, he may do so through counsel or upon a showing that he is no longer represented by counsel.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 5th day of June, 2026.

/s/ *Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE